UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM BRAMMER,<br><br>    Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | CASE NO. CV 16-7483-MWF (FFM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, records on file, relevant pleadings, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

Most of the arguments that Petitioner makes in his objections are sufficiently addressed in the Magistrate Judge's Report. A few of his arguments, however, warrant further discussion. First, Petitioner contends that the Magistrate Judge erred in analyzing Petitioner's allegations of judicial misconduct. Specifically, Petitioner faults the Magistrate Judge for requiring Petitioner to identify some extrajudicial source of bias or partiality on the trial court's part in order to succeed on his judicial

///
///

misconduct claims.[1] According to Petitioner, clearly established Supreme Court precedent does not require him to make any such showing. Instead, relying on the Supreme Court's opinion in *Rippo v. Baker*, __ U.S. __, 137 S. Ct. 905, 907, 197 L. Ed. 2d 167 (2017), Petitioner contends that he can succeed on his judicial misconduct claim provided he show that, objectively speaking, it is probable that the trial court was biased against him, regardless of whether he can, in fact, prove that the trial court was actually biased against him.

In *Rippo*, the Supreme Court held that recusal is required when, "objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" 137 S. Ct. at 907 (citation omitted). Recognizing that actual bias cannot always be determined, the Supreme Court relies on an objective standard asking "whether, as an objective matter, 'the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.'" *Williams v. Pennsylvania*, __ U.S. __, 136 S. Ct. 1899, 1905, 195 L. Ed. 2d 132 (2016).

Here, however, there is no evidence, "objectively speaking," to suggest that the trial court had any actual bias either against Petitioner or in favor of the prosecution. In an effort to show bias, Petitioner, by and large (though not exclusively), relies on numerous rulings that the trial court made that were adverse to Petitioner. But, as explained in the Magistrate's Report, such adverse rulings, in and of themselves, do

---

[1] Petitioner's summary of the Magistrate Judge's Report, in this regard, is inaccurate. The Magistrate Judge did not state, as Petitioner suggests, that a habeas petitioner can never succeed on a judicial bias claim absent some affirmative proof of an extrajudicial source of bias. Rather, the Magistrate Judge correctly stated the following: "'In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'" (Report at 9 (quoting *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).)

not support the conclusion that the trial court was in any way biased against Petitioner, let alone the conclusion that there was an unacceptably high probability that the trial court was biased. *Compare Tumey v. Ohio*, 273 U.S. 510, 523-24, 47 S. Ct. 437, 71 L. Ed. 749 (1927) (holding that judge may not preside over case in which he has "direct, personal, substantial, pecuniary interest"). What is more, Petitioner's other attempts to show bias fail for the reasons explained in the Report. Thus, even under *Rippo*, Petitioner's judicial misconduct claims fail.

Second, Petitioner asserts that the Magistrate Judge did not review Petitioner's traverse or the record from Petitioner's trial. This assertion is belied by the Report, itself. Indeed, the Magistrate Judge's Report specifically references Petitioner's traverse no less than four different times. What is more, the Report directly quotes both Petitioner's Traverse and the trial record. (*See*, *e.g.*, Report at 28, 29, 31, 32, 48.) To be sure, in his fifty-nine page Report, the Magistrate Judge did not address many of the claims of error that Petitioner asserted in his Traverse. But that fact was not attributable to oversight; rather, it was attributable to the fact that Petitioner did not raise those claims in his First Amended Petition ("FAP"). Petitioner was explicitly admonished that the Court would not consider claims raised before this Court for the first time in a traverse. Moreover, as the Magistrate Judge noted, Petitioner's case had been pending for over a year by the time that he filed his traverse. And, in that time, Petitioner had already filed an amended petition. Furthermore, by the time Petitioner filed his traverse, Respondent had already filed a ninety-one page return to Petitioner's FAP. Given these facts, there is no reason to consider any claim that Petitioner raised in his traverse, but did not raise in his FAP.[2] *See Cacoperdo v. Demosthenes*, 37 F.3d

---

[2] To the extent that Petitioner complains that the Magistrate Judge failed to address each and every purportedly erroneous ruling by the trial court that Petitioner identified in his traverse, Petitioner's complaint is not well-taken. Petitioner identified the purportedly erroneous rulings in an effort to substantiate his judicial bias claims.
(continued...)

504, 507 (9th Cir. 1994) (holding that traverse is not proper pleading in which to raise claim for first time); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (requiring courts to exercise discretion when deciding whether or not to consider claims not asserted in petition).

Finally, Petitioner alleges that the Magistrate Judge made numerous factually inaccurate statements in his Report. However, none of the purported inaccuracies cited by Petitioner impacts the soundness of how the Magistrate Judge resolved the grounds for relief that Petitioner raised in his FAP. Moreover, none of the purported inaccuracies in the Report change the fact that the evidence against Petitioner was overwhelming -- evidence that included (1) Petitioner's detailed confession regarding the numerous charged robberies;[3] (2) a covertly recorded phone call between Petitioner and his daughter in which he incriminated himself and tacitly admitted to committing at least one, if not more, of the charged robberies; (3) the results of a search of Petitioner's home that turned up several distinct items matching those that the perpetrator of the charged robberies used to disguise his appearance; (4) positive identifications (at one time or another) of Petitioner as the culprit from victims of each of the charged robberies; and (5) the fact that all robberies committed in the unique manner employed by the culprit in the charged robberies ceased after Petitioner's arrest. As such, regardless of any supposed factual inaccuracies in the Report, Petitioner cannot show the requisite prejudice to succeed on any of the grounds for

///

---

[2](...continued)
However, as the Magistrate Judge noted, adverse ruling and impatient remarks are insufficient to establish judicial bias, absent evidence of some extrajudicial source of bias or partiality.

[3] In his Objections, as he did in his Traverse, Petitioner argues that his confession was obtained in violation of his Fifth Amendment right to an attorney. This argument fails for the reasons set forth in the Magistrate Judge's Report. (*See* Report at 53-56.)

relief asserted in his FAP. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).

* * *

In sum, Petitioner's objections are not meritorious. The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that judgment be entered dismissing the Petition with prejudice.

DATED: December 21, 2018

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE